IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

CORPORATE UNIVERSE, INC.
2093 Philadelphia Pike, #8334
Claymont, DE 19703

    Plaintiff

v.

EMRY CAPITAL GROUP, INC.              Case No.:
5155 Spectrum Way, Unit 5
Mississauga, ON L4W5A1
Canada

    and

BAYERN INDUSTRIES, LLC
5155 Spectrum Way, Unit 5
Mississauga, ON L4W5A1
Canada

    and

MINA MAR MARKETING GROUP, INC.
5155 Spectrum Way, Unit 5
Mississauga, ON L4W5A1
Canada

    Defendants

Serve All Defendants on Registered Agent:
Business Filings Incorporated
108 W. 13th Street
# E-6
Wilmington, DE 19801

## COMPLAINT

Plaintiff, CORPORATE UNIVERSE, INC., ("COUV"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against EMRY CAPITAL GROUP, INC.,

BAYERN INDUSTRIES, LLC, and MINA MAR MARKETING GROUP, INC., and alleges:

1.  This action is instituted pursuant to 17 CFR § 230.144 (Rule 144 of the Securities Act of 1933, hereinafter "Rule 144") for the cancellation of shares of common stock issued by Plaintiff to Defendants, for which Defendants failed to pay any consideration.

2.  This Court has jurisdiction over the parties hereto based on the Federal Statute.

3.  Venue is proper in the Northern District.

4.  At all times relevant hereto, Plaintiff Corporate Universe, Inc. ("COUV"), was and is a publicly traded Delaware corporation quoted on the OTC Markets under the trading symbol COUV.

5.  At all times relevant hereto, Defendant EMRY CAPITAL GROUP, INC. ("EMRY"), a Delaware corporation, with its principal place of business located in Canada at 5155 Spectrum Way, Unit 5, Mississauga, ON, L4W5A1, Canada, is the record owner of improperly issued shares in COUV.

6.  At all times relevant hereto, Defendant BAYERN INDUSTRIES, LLC ("BAYERN"), a Delaware limited liability company, with its principal place of business located in Canada at 5155 Spectrum Way, Unit 5, Mississauga, ON, L4W5A1, is the record owner of improperly issued shares in COUV.

7.  At all times relevant hereto, Defendant MINA MAR MARKETING GROUP, INC. ("MINA"), a Delaware corporation, with its principal place of business located in Canada at 5155 Spectrum Way, Unit 5, Mississauga, ON,

L4W5A1, Canada, was the original recipient of and record owner of improperly issued shares in COUV, until its assignment or transfer of those shares to its fellow Defendants, BAYERN and EMRY.

8. This Court has jurisdiction over the under the federal statute, and the amount in controversy exceeds $75,000.00.

9. COUV is seeking a determination that the shares issued to and held in the names of the aforementioned Defendants are void (1) as improperly issued under Rule 144 of the Securities Act of 1933; (2) for lack of consideration therefor; and (3) among other potential claims which may arise during discovery in this matter.

10. Venue is proper before this Court.

11. COUV re-alleges and incorporates Paragraphs 1 through 10 as if set forth fully herein.

12. This is an action for declaratory and injunctive relief to remedy COUV's injury from the improper issuance of inordinate amounts of company stock issued in exchange for zero consideration. COUV primarily is seeking a declaration that the shares issued were void for want of consideration. Therefore, the share issuance was never actually consummated. If granted the relief requested, COUV will coordinate with the stock transfer agent to correct the entries in its stock transaction journal to properly reflect COUV's legitimate shareholders and the correct amount of issued shares.

13. A new Chief Executive Officer was appointed for COUV in August of 2020 and in the process of compiling COUV's books and records in order to bring

its public securities filings current, COUV has reviewed in detail the company history and records to determine whether previous share issuances were proper. During its recent investigation, COUV discovered clear evidence that prior management issued millions of shares to Defendants without any valid consideration paid for such shares.

14.     The current management and board of COUV cannot locate any record or evidence of consideration provided by Defendants. Pacific Stock Transfer Company, the registered transfer agent for COUV, possesses no record of any payment, compensation, or consideration provided by Defendants to COUV in exchange for the shares at issue. Furthermore, Pacific Stock Transfer Company has provided current management with a copy of a Preliminary Injunction and Temporary Restraining Order ("TRO") obtained by prior management of COUV against the Defendants 2010 lawsuit filed by COUV in the Supreme Court of the State of New York, Suffolk County in Case No. 10-45842. The TRO and other documents filed by COUV in Case No. 10-45842 are attached hereto and incorporated herein as Exhibit A. For these reasons, COUV believes that the issuance of shares to the Defendants was void, for Rule 144(d)(1)(iii) states that

> If the acquiror takes the securities by purchase, the holding period shall not begin until the full purchase price or other consideration is paid or given by the person acquiring the securities from the issuer or from an affiliate of the issuer.

15.     The records of Pacific Stock Transfer Company indicate an individual named Miro Zecevic ("Zecevic") is listed as the control person for all three Defendants, and that all shareholder mailings were sent c/o Mina Mar Marketing Group, Inc., 5155 Spectrum Way, Unit 5, Mississauga, ON l4W5A1, which is the same address shown in the 2010 TRO.

16. COUV's current investigation into the issued shares and Defendants indicates that between September 15, 2010 and September 24, 2010 EMRY was issued or transferred a total of 33,333,330 shares of COUV common stock, and that EMRY still owns a total of 3,333,330 shares of COUV common stock today. After investigation, COUV cannot locate evidence anywhere of the consideration provided by EMRY in exchange for these shares, which are valued at $103,333.32 at today's trading price of $0.0031 per share. Attached hereto and incorporated herein as Exhibit B are a copy of EMRY's Account Statement showing its mailing address c/o fellow Defendant, Mina Mar Marketing Group, Inc., as well as a copy of its Delaware Secretary of State Business Entity Information showing its registered agent's name and address.

17. COUV's current investigation into the issued shares and Defendants indicates that between September 15, 2010 and November 5, 2010 BAYERN was issued or transferred a total of 23,333,330 shares of COUV common stock. After investigation, COUV cannot locate evidence anywhere of the consideration provided by BAYERN in exchange for the shares, which are valued at $72,333.32 at today's trading price of $0.0031 per share. Attached hereto and incorporated herein as Exhibit C are a copy of BAYERN's Account Statement showing its mailing address fellow Defendant, Mina Mar Marketing Group, Inc., as well as a copy of its Delaware Secretary of State Business Entity Information showing its registered agent's name and address.

18. COUV's current investigation into the issued shares and Defendants indicates that between September 15, 2020 and September 24, 2010, MINA was

issued a total of 33,333,330 shares of COUV common stock. After investigation, COUV cannot locate evidence anywhere of the consideration provided by MINA in exchange for the shares, which were apparently assigned or transferred to MINA's fellow Defendants or other unknown third-parties subsequent to their issuance. Attached hereto and incorporated herein as Exhibit D are a copy of MINA's Account Statement showing its mailing address as well as a copy of its Delaware Secretary of State Business Entity Information showing its registered agent's name and address.

19.  Collectively, the Defendants, all of which are upon information and belief under common control, currently together own a total of 56,666,660 shares of COUV common stock, valued today at $175,666.65, for which there is no evidence that any consideration whatsoever was paid.

20.  The fact that Defendants are listed in the transaction journal of Pacific Stock Transfer Company. Defendants' current status as owners of 56,666,660 shares for which they provided no consideration, is severely damaging COUV's ability to raise funds and attract new investors.

21.  COUV's primary reason for seeking declaratory and injunctive relief is to clean up its list of shareholders to only reflect those individuals that properly obtained their shares. COUV has attempted to contact Defendants to resolve these issues numerous times since new management was appointed, but to no avail.

## COUNT I: DECLARATORY JUDGMENT

22.  COUV re-alleges and incorporates Paragraphs 1 through 21 as if set forth

fully herein.

23. COUV is seeking a determination that the aforementioned 56,666,660 shares of COUV common stock are void (1) as improperly issued under Rule 144; (2) for lack of consideration therefor; and (3) among other potential claims which may arise during discovery in this matter.

24. As a direct and proximate result of the lack of proper documentation provided to the register transfer agent to confirm that the 56,666,660 shares of COUV common stock have been issued properly and legally, there is a bona fide controversy requiring judicial resolution as to whether the issuance of these shares was legal. Additionally, COUV's other shareholders will be irreparably harmed if Defendants' shares are not cancelled. Accordingly, COUV seeks a determination of its rights.

25. Therefore, the Court should declare that the Defendants' shares were improperly issued rendering them void, and declare that the Defendants' shares are cancelled so that the corporate records and registered transfer agent's books will properly reflect the current shareholders and number of shares issued.

## COUNT II: INJUNCTIVE RELIEF

26. COUV re-alleges and incorporates Paragraphs 1 through 25 as if set forth fully herein.

27. According to the stock transfer agent, Defendants are still the record owners of the 56,666,660 shares of COUV common stock for which there is no evidence that valid consideration was paid.

28. COUV faces imminent and irreparable injury if Defendants attempt to

MINA and complete a sale of their shares to another individual during the pendency of this action. The Marketing and transfer of these improperly issued shares will cause imminent harm to COUV, its business goodwill, and reputation amongst potential investors.

29. If Marketing were to occur or a transfer to a third party were to occur, monetary damages would not be an appropriate measure of the damage if the shares are marketed and transferred to a bona fide purchaser.

30. COUV is building its business goodwill and reputation daily, which is vitally important in the over-the-counter world. If the Defendants were to market and transfer their shares during the pendency of this action, it would severely injure investor confidence in COUV.

31. There is no adequate remedy at law to compensate COUV for the harm that would be caused by Defendants' marketing and transfer of the 56,666,660 shares of COUV common stock.

32. COUV is likely to prevail on the merits of the claims.

33. Balancing the harm caused to COUV by Defendants' potential actions versus the potential harm to Defendants if their shares were frozen from Marketing and transfer during the pendency of this litigation, results in a COUV clearly prevailing. Holding onto and not marketing improperly issued shares which Defendants have not marketed or transferred in approximately Ten (10) Years is not detrimental to Defendants whatsoever. And the harm to COUV as discussed is far greater. The balance of the equities weighs heavily in favor of enjoining any marketing or sale of these shares during the pendency of this action or thereafter if COUV

prevails.

34. Additionally, the public interest is best served in enjoining the marketing and transfer of these suspect shares, so that individuals do not acquire these illegally and improperly issued shares, causing them harm.

35. For the reasons explained herein, COUV is entitled to temporary and permanent injunctive relief freezing and preventing any marketing or transfer of the 56,666,660 shares of COUV common stock of Defendants during the pendency of this action and thereafter preventing any marketing or transfer of the shares after they are cancelled.

**WHEREFORE** Plaintiff respectfully prays this Honorable Court:

1. Declare that the Defendants' shares at issue in this Complaint were improperly issued rendering them void;

2. Declare that the Defendants' shares at issue in this Complaint are cancelled and that the corporate records and transfer agent books shall reflect such;

3. Issue a temporary injunction freezing and preventing any transfer of the above-discussed shares of Defendants during the pendency of this action and after the cancellation issue a permanent injunction preventing any Marketing or transfer of the illegally issued shares; and

4. Issue such other and further relief as this Honorable Court deems necessary and appropriate.

October 8, 2020					Respectfully submitted,

					*/s/ Matheau J. W. Stout*
					Matheau J. W. Stout (28054)
					201 International Circle, Suite 230
					Hunt Valley, Maryland 21030
					(410) 429-7076 Tel

					*Attorney for Plaintiff*