UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CORPORATE UNIVERSE, INC.,

                      **Plaintiff,**

        -against-

EMRY CAPITAL GROUP, INC., et al.,

                    **Defendants.**

------------------------------------------------------------------X

21-CV-06923 (SN)

<u>OPINION & ORDER</u>

**SARAH NETBURN, United States Magistrate Judge:**

Corporate Universe, Inc. ("Plaintiff") seeks a declaration that shares of its common stock issued to Defendant Michael Dobbs ("Dobbs") are void because (1) they were improperly issued under Rule 144 of the Securities Act of 1933 and (2) they were issued without consideration. Plaintiff asserts claims for "Declaratory Judgment" (Count I) and "Injunctive Relief" (Count II). Both parties move for summary judgment. Plaintiff's motion for summary judgment is DENIED, and Dobbs's cross-motion for summary judgment is GRANTED.

## BACKGROUND

### I.    Factual Background

Plaintiff is a publicly traded Delaware corporation. Am. Compl., ¶ 4. It is undisputed that, in 2010, Dobbs was issued 10,000,000 shares of Plaintiff's common stock from shares held by Emry Capital Group ("Emry"). Plf. 56.1 Stmt., ¶¶ 1, 3. Specifically, Dobbs and Emry entered into a Consulting Agreement on October 1, 2010, under which Emry would issue to Dobbs 10,000,000 shares of Plaintiff's common stock in exchange for Dobbs performing consulting services for Emry within 30 days, or by October 31, 2010. ECF No. 74 ("Shell Decl."), Ex. E. <u>See also</u> Dobbs 56.1 Stmt., ¶ 10. Plaintiff admits that Emry issued its shares of Plaintiff's stock

to Dobbs on November 5, 2010. Plf. Resp. 56.1 Stmt., ¶ 12. It is disputed, however, whether Dobbs performed any services pursuant to the Consulting Agreement. Dobbs 56.1 Stmt. ¶ 11 & Plf. Resp. 56.1 Stmt., ¶ 11.

Shortly after this transfer, in December 2010, Plaintiff filed a breach of contract action in New York State court against the same defendants it would later sue in this action, including Dobbs. Shell Decl., Ex. B. Generally, that lawsuit alleged that Plaintiff and another company issued 100,000,000 shares of Plaintiff's stock to a company called Mina Mar Marketing Group, Inc. ("Mina") pursuant to a contract, but Mina did not perform under the contract. The complaint further alleged that Mina transferred 33,333,330 shares to Emry and 10,000,000 shares to Dobbs, among others. Id. The state court action was settled in March 2011. Under the terms of the Stipulation of Settlement, Plaintiff dismissed its claims against all defendants without prejudice and allowed Mina's shares to "be freed from any hold, and said securities will be freely transferrable by the holders of said securities." Shell Decl., Ex. C. No further action was taken by Plaintiff from March 2011 until this suit was filed in October 2020.

## II.    Procedural Background

It is alleged that, in 2020, a new CEO conducted a review of Plaintiff's books and records and determined that "prior management issued millions of shares to Defendants without any valid consideration paid for such charges." Am. Compl., ¶ 14. This litigation followed.

Plaintiff initially sued Dobbs along with several companies, including Emry, in the U.S. District Court for the District of Maryland. All Defendants except Dobbs failed to appear, and the District Court entered a default judgment against the Defaulting Defendants. ECF No. 26. The default judgment finds that the Defaulting Defendants' shares of Plaintiff "were improperly issued without consideration and are void." Id. The claims against Dobbs were transferred to this Court. ECF No. 28.

Upon transfer to this Court, the parties consented to my jurisdiction for all purposes. ECF No. 43. The parties cross moved for summary judgment, and the Court held an oral argument on July 26, 2023.

## DISCUSSION

### I.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of establishing that no genuine issue of material fact exists. Id. at 256-57; see Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (citing Celotex, 477 U.S. at 322-23).

To defeat summary judgment, the non-moving party must produce more than a "scintilla of evidence," Anderson, 477 U.S. at 252, and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . ." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); Flores v. United States, 885 F.3d 119, 122 (2d Cir. 2018) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." (quoting Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996))). The non-moving party "must set forth specific facts demonstrating that there is

a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks omitted).

In ruling on a motion for summary judgment, the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004). When both sides have moved for summary judgment, the district court is "required to assess each motion on its own merits and to view the evidence in the light most favorable to the party opposing the motion, drawing all reasonable inferences in favor of that party." Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd., 661 F.3d 164, 171 (2d Cir. 2011).

Rule 56 and Local Civil Rule 56.1 require that a moving party submit a statement, in numbered paragraphs, of material facts to which that party contends there is no genuine issue to be tried. The party opposing the motion must cite to evidence in the record to establish, to the contrary, that a genuine issue exists for trial. A "nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." T.Y. v. New York City Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009); see also Local Rules 56.1(b)-(c); Fed. R. Civ. P. 56(c), (e). "In the typical case, failure to respond results in a grant of summary judgment once the court assures itself that Rule 56's other requirements have been met." T.Y., 584 F.3d at 418.

Plaintiff filed its Rule 56.1 Statement in support of is motion. See ECF No. 71. Dobbs submitted his own Rule 56.1 Statement, see ECF No. 76, and Plaintiff responded to it along with supplemental statements, see ECF No. 78. But Dobbs never responded to Plaintiff's Rule 56.1 Statement. Ordinarily, the failure to respond to a Rule 56.1 statement would result in its

admission; however, because the cross-statements adequately admit or challenge one another –
though not as directly as the Rule requires – the Court can resolve this motion on the merits
without deeming Dobbs to have admitted to Plaintiff's statements.

## II.     The Entry of Default Judgment Against the Defaulting Defendants

Plaintiff first argues that the law of the case doctrine should control the outcome here.
Plaintiff contends that the default judgment order entered by the District Court of Maryland
against Emry warrants summary judgment on Plaintiff's claim against Dobbs because Dobbs's
shares were a subset of Emry's.

The law of the case doctrine applies only to cases that are actually decided. See 18B Fed.
Prac. & Proc. Juris. § 4478, Wright, Miller & Cooper (3rd ed. 2023); United States v. Hatter, 532
U.S. 557, 566, 121 (2001) ("The law of the case doctrine presumes a hearing on the merits."). A
default judgment does not constitute a hearing on the merits and so the law of the case doctrine
does not attach. See Maersk, Inc. v. Neewra, Inc., 687 F. Supp. 2d 300, 334 (S.D.N.Y. 2009)
Because the default judgment was entered against Emry for failure to respond, the District Court
of Maryland did not issue a decision on the merits of Plaintiff's claims. Accordingly, the District
Court of Maryland's conclusion that Emry's shares were "improperly issued without
consideration and are void" does not control the claims against Dobbs.

## III.    Plaintiff's Claim for Declaratory Relief

Plaintiff seeks a declaration that the common stock shares issued to Dobbs are void
because they were improperly issued under Rule 144 of the Securities Act of 1933, 17 C.F.R. §
230.144. In particular, Plaintiff alleges that Dobbs did not give consideration – that is, he did not

perform under the Consulting Agreement – and therefore he is not entitled to the shares.[1] Dobbs argues that he is entitled to summary judgment dismissing all claims against him.

### A.    Plaintiff's Claim under the Declaratory Judgment Act Is Time-Barred

When an actual controversy exists, the Declaratory Judgment Act permits a district court to exercise jurisdiction over a proposed declaratory judgment action. See 28 U.S.C. § 2201(a). "Because a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time-barred only if relief on a direct claim based on such rights would also be barred." Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992). Here, Plaintiff alleges that the transfer of shares is void because it was given without consideration. Such claim sounds in contract law. Thus, in determining whether the relief sought under the Declaratory Judgment Act is time-barred, the Court must look to the statute of limitations for a breach of contract claim.

While it is unclear where the Consulting Agreement was executed, Dobbs is a New York resident, his court filings assume that New York law applies, and Plaintiff does not dispute that. ECF No. 75 at 7. Plaintiff also brought a New York state law breach of contract claim against Dobbs and others in 2010 in connection with these same shares. Thus, the Court will apply New York law. In New York, the statute of limitations for a breach of contract claim is six years from the date the alleged breach occurred. N.Y. CPLR § 213(2); see also T & N PLC v. Fred S. James & Co. of New York, 29 F.3d 57, 59 (2d Cir. 1994). Because the Agreement required Defendant to perform consulting services by October 31, 2010 (or 30 days from October 1, 2010), any alleged breach would have occurred on that date. Additionally, although Plaintiff's breach of contract claim against Dobbs and others filed in or around December 21, 2010, does not specifically identify the Consulting Agreement as having been breached, it identifies the

---

[1]  Plaintiff concedes that it has no right to bring an action under Rule 144. See Star Int'l v. AIG, 648 F. Supp. 2d 546, 573-74 (S.D.N.Y. 2009).

10,000,000 shares held by Dobbs as having been received without consideration. Thus, because

any breach of contract claim against Dobbs for failing to perform under the Consulting

Agreement would have to have been filed by the end of 2016, Plaintiff's 2020 claim for a

declaration that Dobbs did not perform under the Agreement is time-barred under New York

law. See also note 2 infra.

> **B.** **In the Alternative, the Court Declines to Exercise Jurisdiction Over Plaintiff's Claim under the Declaratory Judgment Act**

Even if Plaintiff's cause of action was timely, the Court would still decline to extend its

jurisdiction over Plaintiff's declaratory judgment action. The Declaratory Judgment Act provides

that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States

may declare the rights and other legal relations of any interested party seeking such declaration,

whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). District courts possess

discretion whether to entertain an action under the Declaratory Judgment Act. Wilton v. Seven

Falls Co., 515 U.S. 277, 287 (1995) (the DJA "confers a discretion on the courts rather than an

absolute right upon the litigant"). To determine whether a declaratory judgment action is

warranted, courts consider the totality of circumstances, "including whether declaratory

judgment (1) will serve a useful purpose in clarifying and settling the legal relations in issue; or

(2) afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."

MSR Tr. v. Nationstar Mortg. LLC, No. 21-CV-3089 (GBD)(RWL), 2022 WL 3441613, at *12

(July 28, 2022), report and recommendation adopted, 2022 WL 17689839 (S.D.N.Y. Dec. 15,

2022) (quotations omitted).

"The fundamental purpose of the DJA is to 'avoid accrual of avoidable damages to one

not certain of his rights and to afford him an early adjudication without waiting until his

adversary should see fit to begin suit, after damage has accrued.'" Nat'l Union Fire Ins. Co. of

<u>Pittsburgh, PA. v. Int'l Wire Grp., Inc.</u>, No. 02-CV-10338 (SAS), 2003 WL 21277114, at *4 (S.D.N.Y. June 2, 2003) (quoting <u>Luckenbach Steamship Co. v. United States</u>, 312 F.2d 545, 548 (2d Cir. 1963)); <u>see</u> <u>In re Combustion Equip. Assocs., Inc.</u>, 838 F.2d 35, 37 (2d Cir. 1988) ("The purpose of the Act is to enable parties to adjudicate disputes before either side suffers great damage.").

Plaintiff does not seek to adjudicate rights *before* damage has accrued. Rather, he seeks to adjudicate rights ten years *after* the damage accrued.[2] Otherwise stated, Plaintiff seeks prospective relief for a controversy that has long since "reached the stage at which either party could have sought a coercive remedy, or in which the party entitled to such a remedy fails to sue for it." <u>United States v. Doherty</u>, 786 F.2d 491, 498–99 (2d Cir. 1986) (quotations omitted). At this stage, Plaintiff's sole remedy is a breach of contract action, which would be time-barred if filed.

Because Plaintiff's use of the Declaratory Judgment Act contravenes its purpose, Plaintiff's motion for summary judgment on its declaratory judgment claim is denied on this alternative ground, and Dobbs's motion for summary judgment on the same claim is granted. <u>Id</u>.

## IV.    Plaintiff's Claim for Injunctive Relief

Count II is for "Injunctive Relief" and seeks to enjoin Dobbs from marketing or transferring his shares. A request for injunctive relief is not an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the substantive

---

[2] At oral argument, Plaintiff suggested that Rule 144 allows it to indefinitely challenge Dobbs's holding because Dobbs never performed under the Consulting Agreement and therefore never held Plaintiff's shares free and clear. Under this theory, Plaintiff is seeking to adjudicate rights before the damage occurred. Although the parties dispute whether Dobbs performed, there is no dispute that the shares were transferred on November 5, 2010, days after the 30-day period for performance under the Consulting Agreement. Plaintiff offers no legal basis to allow it to lie in wait for ten years. Equitable principles of repose further reject this theory.

counts. <u>Budhani v. Monster Energy Co.</u>, 527 F. Supp. 3d 667, 688 (S.D.N.Y. 2021) (citing cases). Accordingly, Count II is dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED, and Dobbs's cross-motion for summary judgment is GRANTED. Because the Court resolves these motions on the grounds set forth above, the Court declines to address Dobbs's alternative argument that the claims against him have been released. All other arguments not addressed are denied as without merit.

The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 67 and 73.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:     August 31, 2023
           New York, New York